IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLIVIA ROBINSON | § | |
| | § | |
| VS. | § | Civil Action No. 1:06-CV-00152 |
| | § | |
| MERCK & CO., INC.; AMERISOURCE, INC.; BERGEN BRUNSWIG DRUG COMPANY D/B/A AMERISOURCEBERGEN; AND PABLO MEDINA, M.D. | § § § § | |

**DEFENDANT PABLO MOLINA, M.D.'S (incorrectly named as Pablo Medina, M.D.) MOTION FOR REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

NOW COMES PABLO MOLINA, M.D. (incorrectly named as Pablo Medina, M.D.), Defendant in the above-styled and numbered cause, and makes and files this his Motion to Remand, and in support thereof would show unto this Honorable Court, as follows:

1. Defendant files this Motion to Remand pursuant to 28 U.S.C. §1447(c).

2. On or about August, 2006, Plaintiff sued Defendant Pablo Molina, M.D. for medical malpractice. Specifically, the Plaintiff has made allegations against Defendant Pablo Molina, M.D. sounding in negligence, misrepresentation, and product liability (the allegations of product liability focus upon the doctor as an innocent seller, and further focus upon the doctor as a person who failed to warn the Plaintiff herein).

3. Plaintiff has made specific factual allegations that Defendant Pablo Molina, M.D. was negligent for prescribing Vioxx, and negligent for failing to warn the Plaintiff of the risks of Vioxx, and negligent for failing to properly monitor the effects of Vioxx, and

negligent for failing to prescribe a safer medication (rather than prescribing the Vioxx given its alleged adverse side effects).

4. With respect to the Plaintiff's allegations of misrepresentation, the Plaintiff has made specific factual allegations against Defendant Pablo Molina, M.D. that the safety and effectiveness of Vioxx was misrepresented by Defendant Pablo Molina, M.D. (by concealing and/or understating the potential adverse consequences of Vioxx).

5. Defendant Pablo Molina, M.D. has filed a general denial, and does robustly dispute any and all liability to Plaintiff. Defendant Pablo Molina, M.D. fully intends to prove upon the merits of the case that all of Plaintiff's allegations against Defendant Pablo Molina, M.D. are unfounded, and without merit, and thus fail to impose any legal responsibility.

6. Defendant Pablo Molina, M.D. is a resident and citizen of the State of Texas.

7. Defendant Pablo Molina, M.D. has not consented to the removal of this cause of action to federal court, and does not consent to the removal of this cause of action to federal court.

8. Defendant Pablo Molina, M.D. prefers to defend this suit in the state courts of Texas, rather than being removed to federal court and thus being forced to defend these proceedings in the midst of the complexities of multi-district litigation in New Orleans, Louisiana.

9. This Court should first address the pending motions seeking remand (prior to consideration of any other motions by any party) as "the first order of business for the federal court is to determine its own jurisdiction." 1A Moore, Moore's Federal Practice, para. 0.169[1], at 557; see also *Jones Store Co. v. Hammons*, 424 F.Supp. 494, 499 (D.C. Mo. 1977).

10. This Court should first conduct a 12(b)(6)-type of analysis, and thus initially look at the allegations of Plaintiff's complaint to determine whether or not such complaint states a cause of action under state law against an in-state defendant. 28 U.S.C.A. ___1332, 1441(b); Fed. Rules Civ. Proc. Rule 12(b)(6). Ordinarily, if a Plaintiff's claims against an in-state defendant can survive a motion to dismiss for failure to state a cause of action, then there is no improper joinder, and thus the diverse defendant cannot remove the case upon the basis of alleged diversity. 28 U.S.C.A. ___1332, 1441(b); Fed. Rules Civ. Proc. Rule 12(b)(6).

11. In this case, there is no fraudulent joinder of Defendant Pablo Molina, M.D. Moreover, there is no improper joinder of Defendant Pablo Molina, M.D. At the same time, Defendant Pablo Molina, M.D. contends that an adjudication of the merits of the case will result in a dismissal of all claims and/or causes of action asserted by Plaintiff herein.

12. In this case, the pleadings of Defendant Merck further demonstrate that there is no fraudulent joinder and no improper joinder. Specifically, Defendant Merck has pleaded that Defendant Pablo Molina, M.D. is a learned intermediary. Essentially, this is a pleading whereby Defendant Merck seeks to avoid liability for Defendant Merck's alleged failure to warn by asserting that another (Defendant Pablo Molina, M.D.) had the legal responsibility to warn and/or make certain of the product's (Vioxx) safety. Defendant Merck should not be allowed to deflect their liability by claiming that a treating physician had the legal duty, and simultaneously remove the case to federal court upon a claim that the treating physician is improperly joined.

13. Defendant Pablo Molina, M.D. does hereby request a prompt ruling with respect to this Motion to Remand.

WHEREFORE, PREMISES CONSIDERED, Defendant Pablo Molina, M.D. respectfully requests that the Court grant Defendant's Motion for Summary Judgment and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404
(361) 881-9643 Telephone
(361) 883-0506 Telecopier

__/s/___________________________________
SIMON B. PURNELL, Attorney-in-Charge
State Bar No. 24003889
Federal ID No. 23509

ATTORNEYS FOR DEFENDANT JOSE LOZANO, M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to counsel, as listed below, on this the 19th day of October, 2006, in accordance with the Federal Rules of Civil Procedure.

Jack Modesett III
Law Offices of Jack Modesett III
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471

Douglas A. Allison
Law Offices of Douglas A. Allison
500 North Water Street, Suite 1200
Corpus Christi, Texas 78471

Charles A. Deacon
Thomas A. Countryman
Blanca Galo
Emilie P. Baine
Katharyn Grant
Fulbright & Jaworski, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

Ramona Martinez
Cowles & Thompson, P.C.
901 Main Street, Suite 4000
Dallas, Texas 75202

_/s/___________________________________
SIMON B. PURNELL
Attorney-in-Charge

**CERTIFICATE OF CONSULTATION**

Counsel for Defendant Pablo Molina, M.D. has conferred with counsel for all parties in good faith. Counsel for plaintiff is unopposed and counsel for co-defendant Merck as well as counsel for co-defendant Amerisource are opposed.

_/s/___________________________________
SIMON B. PURNELL